UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE BAY VENTURES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN BUYS BAY HOMES LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-07146-TSH<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

## I.  INTRODUCTION

After Plaintiff Blue Bay Ventures LLC commenced this trademark infringement action in San Francisco Superior Court, Defendants[1] removed the case to this Court based on Plaintiff's federal Lanham Act claims. Pending before the Court is Plaintiff's motion to remand. ECF No. 9. Defendants filed an Opposition (ECF No. 12) and Plaintiff filed a Reply (ECF No. 13). The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 19, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** Plaintiff's motion.[2]

## II.  BACKGROUND

Plaintiff owns the registered trademark "Brothers Buy Homes" and has used it since January 8, 2020. Compl. ¶¶ 14-15, ECF No. 1. Both Plaintiff and Defendants compete in providing cash offers to purchase homes in the San Francisco Bay Area. *Id.* ¶ 16. In 2021,

---

[1] Defendants are Yoav Kirshenboim, ZCA Homes LLC, KYB Homes LLC, Zoom RCA1 LLC, Kirshenboim Investments, LLC, KY Development Group, LLC and John Buys Bay Area Houses, erroneously sued as John Buys Bay Homes, LLC.
[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 11.

1  Defendants began using the name "Brothers Buy Homes" without permission, creating market
2  confusion. *Id.* ¶ 17.  Despite a cease-and-desist letter in October 2021, Plaintiff alleges
3  Defendants continued the infringing activities. *Id.* ¶¶ 19-20.  In 2024, Plaintiff discovered further
4  misrepresentations by Defendants, leading to lost business exceeding $5,000,000. *Id.* ¶¶ 20-25.

5        On September 23, 2024, Plaintiff commenced this action in the Superior Court of the State
6  of California in and for the City and County of San Francisco, Case Number CGC-24-618354.
7  Plaintiff alleges six causes of action: (1) trademark/trade dress infringement and misappropriation
8  under the Lanham Act, 15 U.S.C. § 1117; (2) false designation of origin, 15 U.S.C. § 1125(a); (3)
9  common law trademark infringement; (4) unlawful, unfair, and fraudulent business practices; (5)
10 intentional interference with a prospective economic advantage; and (6) negligent interference
11 with a prospective economic advantage.  Compl. ¶¶ 29-86.

12       On October 14, 2024, Defendants removed the case to this Court based on Plaintiff's
13 claims under the Lanham Act.  Plaintiff filed the present motion to remand on November 8, 2024.

### III. LEGAL STANDARD

15       Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to
16 federal court so long as original jurisdiction would lie in the court to which the action is removed.
17 *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  However, courts must
18 "strictly construe the removal statute against removal jurisdiction." *Moore-Thomas v. Alaska*
19 *Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
20 (9th Cir. 1992)).  Doubts as to removability should be resolved in favor of remanding the case to
21 the state court. *Id*.  This strong "presumption against removal jurisdiction means that 'the
22 defendant always has the burden of establishing that removal is proper.'" *Id*. (quoting *Gaus*, 980
23 F.2d at 566).  "[W]hether remand is proper must be ascertained on the basis of the pleadings at the
24 time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

### IV. DISCUSSION

26       Plaintiff admits "the case was properly removed to federal court." Mot. at 7.  Plaintiff's
27 complaint explicitly states claims under the Lanham Act, thus establishing a basis for federal
28 question jurisdiction. *See* Compl. ¶¶ 29-47; Mot. at 4 (Plaintiff concedes it is "specifically

1  pursuing claims and relief under the provisions of the Lanham Act concerning intentional
2  infringement (i.e., 15 U.S.C. §§ 1117, 1125(a))"). "Federal-question jurisdiction stems from a
3  congressional enactment, 28 U.S.C. § 1331, which provides that '[t]he district courts shall have
4  original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the
5  United States.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting § 1331).
6  "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises
7  under federal law for purposes of § 1331 when a federal question appears on the face of the
8  complaint." *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The rule makes
9  the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance
10 on state law." *Caterpillar*, 482 U.S. at 392. Thus, as a federal question exists on the face of
11 Plaintiff's complaint, removal was proper. *See Franchise Tax Bd. of State of Cal. v. Constr.*
12 *Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28 (1983) (Federal courts have jurisdiction to
13 hear cases by removal when "the plaintiff's right to relief necessarily depends on resolution of a
14 substantial question of federal law.").

15 While acknowledging the Court has jurisdiction, Plaintiff seeks remand "on the grounds
16 that the pendant state law claims should be adjudicated along with the federal law claims in the
17 initial jurisdiction which they were brought, because: (1) the state courts retain concurrent
18 jurisdiction over the particular federal claims Plaintiff brings; (2) Plaintiff is not seeking relief
19 under portions of the Lanham Act that trigger preemption; and (3) this Court may exercise its
20 discretion to remand both federal and state law claims." Mot. at 3.

21 **A.    Concurrent Jurisdiction and Preemption**

22 Plaintiff first argues remand is appropriate because "[s[tate courts often hear Lanham Act
23 claims, either separately or in conjunction with state trademark, dilution, and unfair competition
24 claims," and federal courts do not "possess exclusive jurisdiction over federal Lanham Act
25 matters." *Id.* at 3-4. Plaintiff also argues the Lanham Act does not preempt state law: "So long as
26 no effort to either narrow or override federal trademark rights is made, states may, at their own
27 discretion, create trademark rights that expand on those provided under federal trademark law."
28 *Id.* at 4-5.

1    It is true that Congress did not grant federal courts exclusive jurisdiction regarding all
2    claims arising under the Lanham Act.  The Act itself merely grants federal courts original
3    jurisdiction over all claims arising under the Act.  15 U.S.C. § 1121; *see also Sci. Tech. Inc. v.*
4    *Stanford Telecommunications Inc.*, 1988 WL 1091939, at *1 (N.D. Cal. Sept. 21, 1988)
5    ("Congress did not intend to limit adjudication of trademark actions under the Lanham Act to
6    federal courts.").  Thus, "in cases arising under the Lanham Act, the jurisdiction of federal and
7    state courts is concurrent."  *Duggan's Funeral Serv., Inc. v. Duggan's Serra Mortuary, Inc.*, 80
8    Cal. App. 4th 151, 152 (2000); *Sci. Tech. Inc.*, 1988 WL 1091939, at *1 ("Congress did not intend
9    to limit adjudication of trademark actions under the Lanham Act to federal courts.").  It is also true
10   that in general the Lanham Act does not preempt state law, as "many states by statute or judge-
11   made law protect against trademark infringement and other types of unfair competition."  *Int'l*
12   *Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 916 (9th Cir. 1980).

13   There is no dispute that Plaintiff can choose to bring Lanham Act claims in either state or
14   federal court.  However, this does not mean that removal is improper, as "the plaintiff is the
15   'master' of her case, and if she can maintain her claims on both state and federal grounds, she may
16   ignore the federal question, assert only state claims, and defeat removal."  *Duncan v. Stuetzle*, 76
17   F.3d 1480, 1485 (9th Cir. 1996).  Here, as Plaintiff chose to allege claims arising under the
18   Lanham Act, removal is proper.  *Id.* at 1486.  While a state court may hear Plaintiff's claims, it
19   does not follow that federal courts must remand Lanham Act claims which were properly removed
20   in the first place.  Concurrent jurisdiction implies that federal and state courts share authority, not
21   that either court is an exclusive forum.  There is no statute prohibiting removal of Lanham Act
22   claims to federal court or mandating remand to state court when state law claims are also asserted
23   in the same action.  Plaintiff brings its motion pursuant to 28 U.S.C. § 1447(c), which provides
24   that "[i]f at any time before final judgment it appears that the district court lacks subject matter
25   jurisdiction, the case shall be remanded."  However, this Court does not lack subject matter
26   jurisdiction because, as Plaintiff admits, it is "specifically pursuing claims and relief under the
27   provisions of the Lanham Act concerning intentional infringement (i.e., 15 U.S.C. §§ 1117,
28   1125(a))."  Because Plaintiff's claims allege violations of federal trademark laws, the existence of

4

1  additional state law claims does not eliminate subject matter jurisdiction over these federal claims.

2  **B.     Discretion**

3        Plaintiff argues that "[w]hile the case was properly removed to federal court, it is nevertheless within this Court's discretion to either retain or remand the Plaintiff's the [sic] case." Mot. at 7. In support of this argument, Plaintiff cites *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). However, *Carnegie* addresses a federal district court's discretion to remand cases where all federal claims have been dismissed and only state law claims remain. *Id.* at 350 ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Here, as Plaintiff continues to assert claims and seek remedies pursuant to federal law, the Court retains subject matter jurisdiction, such discretionary remand is inapplicable.

      Plaintiff cites 28 U.S.C. § 1367(c) in support of its argument that this Court has discretion to remand. Mot. at 3. Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." However, Plaintiff cites no cases establishing it is proper to remand a case under § 1367 where federal claims remain pending. In fact, in both cases cited by Plaintiff, the courts granted remand only after plaintiffs dismissed their federal claims, leaving only state law claims to adjudicate. In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the plaintiff amended its complaint to remove all federal claims shortly after removal, leaving only state law claims. The Supreme Court held that remand was appropriate because no federal claims remained and judicial economy favored allowing the state court to resolve purely state law issues. *Id.* at 345 ("The question before us is whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain."). In *Baddie v. Berkeley*

5

1  *Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995), the plaintiffs amended their complaint after removal to
2  eliminate federal claims. The Ninth Circuit found remand was appropriate since the federal claims
3  were removed early in the case. *Id.* at 490-91 ("Filing federal claims in state court is a legitimate
4  tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state
5  court. The defendant is not obligated to remove; rather, he has the choice either to submit to state
6  court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the
7  plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose
8  between federal claims and a state forum.").

9  *Carnegie-Mellon* and *Baddie* are easily distinguishable from the instant case because
10 Plaintiff has unequivocally stated its intent to maintain its Lanham Act claims, which it requests
11 the Court remand together with its state law claims. *See* Mot. at 7-8 ("Plaintiff, rather than
12 dismiss its federal claims in response (which would be permissible and not in bad faith), to tip the
13 scales in favor of remand, is seeking to have all its claims remanded on the basis that a state court
14 is a perfectly suitable forum to hear all Plaintiff's claims altogether."). The Court is unaware of
15 any authority that allows for such a result. As Plaintiff has not dismissed the Lanham Act claims,
16 the Court continues to exercise federal question following Defendants' proper removal.

17 In its reply brief, Plaintiff argues for the first time that the "concept of interconnectivity"
18 should factor into the Court's decision to remand. It argues the core of the dispute in this case "is
19 rooted in state law issues," and "[t]he federal claims under the Lanham Act are not independently
20 stated and are intimately connected with the state law claims; it would be impractical to separate
21 them or for Plaintiff to have to dismiss the federal claims." Reply at 2-3. In support of this
22 argument, Plaintiff cites *State of Washington v. American League of Professional Baseball Clubs*,
23 460 F.2d 654 (9th Cir. 1972). There, the defendants' "ground for removal was that the case is one
24 'founded on a claim of right arising under the . . . laws of the United States. . . .' (28 U.S.C. §
25 1441(b)), namely, the Sherman Antitrust Act (15 U.S.C. §§ 1ff.)." *Id.* at 657. The plaintiffs
26 subsequently moved to remand, arguing that none of their claims arose under federal law, and that
27 they "disclaim[ed] an intention to plead such a claim" under the Sherman Act. *Id.* After the
28 district court denied the plaintiffs' motion, the Ninth Circuit reversed, finding removal improper

because, among other reasons, the plaintiffs had not stated any federal claims under the Sherman Act or otherwise. *Id.* at 658-59. But that is not the case here – whether interconnected with its state law claims or not, Plaintiff alleges federal claims under the Lanham Act and has chosen not to dismiss them. Plaintiff is "the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. As Plaintiff has chosen to keep its federal claims, remand is inappropriate.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: December 16, 2024

THOMAS S. HIXSON
United States Magistrate Judge