UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE BAY VENTURES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN BUYS BAY HOMES LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-07146-TSH<br><br>**ORDER REMANDING CASE AND DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 27 |

## I.   INTRODUCTION

Plaintiff Blue Bay Ventures LLC ("Blue Bay") brings this action against Defendants Yoav Kirshenboim, ZCA Homes LLC, KYB Homes LLC, Zoom RCA1 LLC, Kirshenboim Investments, LLC, KY Development Group, LLC, and John Buys Bay Area Houses ("collectively, "Defendants"), alleging that Defendants unlawfully used and misappropriated Blue Bay's trademark.[1]  ECF No. 1.  Pending before the Court is Defendants' Motion for Summary Judgment. ECF No. 27 ("Mot.").  The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the March 26, 2026, hearing.  For the reasons stated below, the Court **REMANDS** the case to the Superior Court of California for the City and County of San Francisco and **DENIES AS MOOT** the motion for summary judgment.[2]

---

[1] John Buys Bay Area Houses is erroneously sued as John Buys Bay Homes, LLC.  Answer at 1 (ECF No. 5).

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 11.

## II. BACKGROUND

**A. Factual Background[3]**

Blue Bay, a limited liability company registered in California, is "in the business of providing cash offers to purchase homes in the San Francisco Bay Area of California and nearby areas." Compl. ¶¶ 1, 16 (ECF No. 1 at 6). Blue Bay owns the federally registered trademark, "Brothers Buy Homes," and has used it since January 8, 2020.[4] *Id.* ¶¶ 14–15.

Defendants ZCA Homes LLC ("ZCA"), KYB Homes LLC ("KYB"), Zoom RCA1 LLC ("Zoom"), and KY Development Group, LLC ("KY") are limited liability companies registered in California and doing business in Contra Costa County, California. *Id.* ¶¶ 3–6; Answer ¶¶ 3–6. Defendant Kirshenboim manages ZCA, KYB, Zoom, and KY. Compl. ¶ 7; Answer ¶ 7. "John Buys Bay Area Houses" is a trademark used by ZCA. Answer ¶ 2.

Overall, Blue Bay alleges that in 2021, Defendants "began using without permission and/or misappropriating the name 'Brothers Buy Homes' in its paid advertising and marketing, causing confusion in the marketplace." Compl. ¶ 17. Blue Bay further alleges that it "has lost business and clients due to this practice in an amount to be ascertained at trial, but which exceeds $5,000,000." *Id.* ¶ 25.

**1. The Parties' Relationship**

Both Blue Bay and Defendants are "in the business of providing cash offers to purchase homes" in the San Francisco Bay Area and nearby areas. *Id.* ¶ 16; Answer ¶ 16. "Defendants are affiliated real estate investment companies operating under their own name and brand." Mot. at 1:27–28; *see* Declaration of Or Kirshenboim ¶ 2 ("Kirshenboim Decl.") (ECF No. 28).

---

[3] As a threshold matter, Defendants object to the Declarations of Daryll Canlas (ECF No. 34), Michael Briener (ECF No. 35), Craig Funcke (ECF No. 36), and Steffanie Stelnick (ECF No. 37 at 9), filed by Blue Bay. ECF Nos. 40, 41. Defendants present objections in both their Reply (ECF No. 40) and in a separate document titled, "Evidentiary Objections" (ECF No. 41). The Civil Local Rules require that "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." Civ. L.R. 7-3(c). The Court therefore does not consider Defendants' objections raised in ECF No. 41. However, as discussed below, the Court does not consider these declarations in ruling on Defendants' Motion.

[4] Blue Bay applied to register the trademark with the USPTO on April 20, 2021—the USPTO officially registered the trademark on April 19, 2022, with U.S. Serial Number: 90658820. Compl. ¶¶ 14–15.

2

Defendants use advertising platforms, such as Google Ads, to advertise their services and "list their services next to their competitors in sponsored ad results." Mot. at 2:2–4; *see* Kirshenboim Decl. ¶¶ 3–4. On October 27, 2021, Blue Bay sent Defendants a cease-and-desist letter regarding a Google keyword insertion into one of Defendants' online advertising campaigns. Compl. ¶ 19; Answer ¶ 19. Blue Bay alleges this advertising constitutes infringement of Blue Bay's trademark. Compl. ¶ 19. In response to Blue Bay's letter, Defendants made changes to their advertising so that, beginning on January 4, 2022, Blue Bay's name would not appear in Defendants' ads if a customer typed Blue Bay's name into a search box. Mot. at 2:4–7; *see* Kirshenboim Decl. ¶ 4, Ex. A (Google Ads Report) (ECF No. 28-1).

Defendants conducted a broad Google ad campaign beginning in August 2024. Mot. at 2:8–10; *see* Kirshenboim Decl. ¶ 5. Blue Bay's counsel contacted Defendants on August 27, 2024, after Blue Bay's name appeared in Defendants' ad. Compl. ¶ 28; Answer ¶ 28; Mot. at 2:10–13. Defendants investigated and took actions to ensure that their ads would "never appear in any sponsored ad results if someone typed the words 'Brothers Buy Homes,' and 'Brothers Buys Homes.'" Mot. at 2:10–17; *see* Kirshenboim Decl. ¶ 5; Declaration of Marie G. Quashnock ¶ 4 ("Quashnock Decl.") (ECF No. 29), Ex. E (Deposition of Mike Briener) ("Briener Dep. Tr.") at 13:22–14:8 (ECF No. 29-3).

### 2.   Defendants' Activities

Defendants have never held themselves out as Blue Bay and have never represented that they are affiliated with Blue Bay. Mot. at 1:28–2:1; *see* Kirshenboim Decl. ¶¶ 2, 9. Defendants' chief marketing executive, Or Kirshenboim, performed a search of Defendants' Google Ads activity from January 2022 to present. Mot. at 2:18–25; *see* Kirshenboim Decl. ¶ 6, Ex. A. The search confirmed that Defendants received three leads from online searches for the terms "Brothers Buy Homes," or "Brothers Buys Homes" between January 1, 2024, and December 31, 2024. Mot. at 2:22–25; *see* Kirshenboim Decl. ¶ 6, Ex. A. All three leads occurred when the keyword insertion feature was turned off; thus, Blue Bay's trademark never appeared in any of the three ads that generated leads. Mot. at 2:25–3:1; *see* Kirshenboim Decl. ¶ 6, Ex. A. Blue Bay's Operations Manager, Mike Briener, admitted there would not be any confusion with potential

3

customers if the keyword insertion feature was turned off and Blue Bay's trademark name did not appear in Defendants' ad. Mot. at 3:1–4; *see* Briener Dep. Tr. at 78:6–20. Defendants therefore did not receive any revenue, profit, or business opportunity from any Google Ads containing Blue Bay's name. Mot. at 3:6–8; *see* Kirshenboim Decl. ¶ 7, Ex. A.

Defendants are not aware of any instance in which a consumer completed a transaction with Defendants believing Defendants were Blue Bay. Mot. at 3:9–10; *see* Kirshenboim Decl. ¶ 8. Robert Franz, who Blue Bay alleges Defendants confused, contacted Blue Bay in response to radio advertising not because of an online search. Mot. at 3:10–13; *see* Quashnock Decl. ¶ 2, Ex. C (Blue Bay's Call Transcript) at 5:53–6:06 (ECF No. 29-1). On July 17, 2024, Defendants, through Barry Brill, spoke with Franz. Mot. at 3:14–22; *see* Kirshenboim Decl. ¶ 9, Ex. B (Defendants' Call Transcript) (ECF No. 28-2). The call transcript shows that Brill did not refer to himself as "Brothers Buys Homes" to Franz but instead identified the company as "John Buys Bay Area Houses." Mot. at 3:14–22; *see* Kirshenboim Decl., Ex. B. Franz was not ready to sell his home when he met Blue Bay's representatives on July 17, 2024. Mot. at 4:5–6; *see* Quashnock Decl. ¶ 5, Ex. F (Deposition of Craig Funcke) ("Funcke Dep. Tr.") at 46:15-47:16 (ECF No. 29-4).

On July 17, 2024, Briener called Defendants' phone number and spoke with "Phillip." Compl. ¶ 26; Answer ¶ 26; Mot. at 3:19–22. Briener states that Phillip identified the company as "John Buys Bay Area Houses" and not as "Brothers Buys Homes." Mot. at 3:19–22; *see* Briener Dep. Tr. at 56:20–57:10, 58:4–15, 59:8–24.

Defendants assert that Blue Bay has offered no evidence to show that it suffered damages as a result of Defendants' actions. Mot. at 3:23–24. In response to Defendants' Request for Production ("RFP") No. 7, Blue Bay stated, "there is no record or data available that quantifies the number of leads or clients that may have been diverted due to the actions in question." Mot. at 3:24–26; *see* Quashnock Decl. ¶ 3, Ex. D (Blue Bay's Response to RFP No. 7) (ECF No. 29-2). Blue Bay has not quantified any damages suffered and has not identified any lost opportunities caused by Defendants' actions. Mot. at 4:1–6; *see* Funcke Dep. Tr. at 30:4–31:14.

**B.      Procedural Background**

On September 23, 2024, Blue Bay commenced this action in the Superior Court of the

4

1  State of California in and for the City and County of San Francisco, Case Number CGC-24-
2  618354.  Not. of Removal, Ex. A (ECF No. 1 at 6) ("Compl.").  Blue Bay alleges six causes of
3  action under federal and California state law:  (1) trademark/trade dress infringement and
4  misappropriation under the Lanham Act (15 U.S.C. § 1117); (2) false designation of origin (15
5  U.S.C. § 1125(a)); (3) common law trademark infringement; (4) unlawful, unfair, and fraudulent
6  business practices; (5) intentional interference with a prospective economic advantage; and (6)
7  negligent interference with a prospective economic advantage.  Compl. ¶¶ 29–86.  Blue Bay seeks,
8  *inter alia*, damages, injunctive relief, and disgorgement.  *Id.* at 12–13.

9  On October 14, 2024, Defendants removed the case to this Court, pursuant to 28 U.S.C. §
10 1331, based on Blue Bay's claims under the Lanham Act.  ECF No. 1 ("Not. of Removal").
11 Defendants filed an Answer on October 15, 2024.  ECF No. 5 ("Answer").

12 Blue Bay filed a motion to remand on November 8, 2024.  ECF No. 9.  The Court denied
13 the motion to remand on December 16, 2024.  ECF No. 14.

14 On February 17, 2026, Defendants filed the instant Motion for Summary Judgment.  ECF
15 No. 27 ("Mot.").  On March 4, 2026, Blue Bay filed an Opposition.  ECF No. 37 ("Opp.").  On
16 March 11, 2026, Defendants filed a Reply.  ECF No. 40 ("Reply").

### III.  LEGAL STANDARD

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are those that may affect the outcome of the case, and a dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 250.  All reasonable inferences must be drawn in the light most favorable to the nonmoving

1   party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). However, it is not the
2   task of the Court "to scour the record in search of a genuine issue of triable fact." *Keenan v.*
3   *Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden "to identify with
4   reasonable particularity the evidence that precludes summary judgment." *Id.*; *see also Cafasso,*
5   *U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) (noting the nonmoving
6   party "must set forth non-speculative evidence of specific facts, not sweeping conclusory
7   allegations") (cleaned up). Thus, "[t]he district court need not examine the entire file for evidence
8   establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with
9   adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*,
10  237 F.3d 1026, 1031 (9th Cir. 2001); *see also Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*,
11  626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs.")
12  (cleaned up).
13  "While the evidence presented at the summary judgment stage does not yet need to be in a
14  form that would be admissible at trial, the proponent must set out facts that it will be able to prove
15  through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010)
16  (citing Fed. R. Civ. P. 56(c) ("An affidavit or declaration used to support or oppose a motion must
17  be made on personal knowledge, set out facts that would be admissible in evidence, and show that
18  the affiant or declarant is competent to testify on the matters stated.")). If the nonmoving party
19  fails to identify such evidence, or if it offers evidence that is "merely colorable, or is not
20  significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50
21  (cleaned up).

22                              **IV.   DISCUSSION**

23  Defendants move for summary judgment on each of Blue Bay's claims, asserting the
24  claims fail because (1) there is no evidence of consumer confusion; (2) Blue Bay "lacks evidence
25  of damages or standing, both of which require judgment of all claims as a matter of law"; and (3)
26  Blue Bay "cannot establish the threshold requirement of an existing economic relationship." Mot.
27  at 1. Blue Bay contends that Defendants are not entitled to summary judgment because "there is a
28  blatant dispute over critical facts, including, the likelihood of confusion or use of [Blue Bay's]

1  trademark in violation of the Lanham Act, [Blue Bay's] evidence of damages of lost opportunities,
2  and [Blue Bay's] standing for damages-based relief under Article III." Opp. at 1.
3     In sum, the Court concludes that Blue Bay lacks Article III standing to pursue its federal
4  claims. Therefore, remand is warranted.

**A.     Article III Standing For Federal Claims**

Blue Bay brings two trademark claims under the Lanham Act, one for trademark infringement and one for false designation of origin. Compl. ¶¶ 29–47. Defendants argue that Blue Bay lacks Article III standing to pursue damages-based relief for these claims because Blue Bay cannot demonstrate an injury-in-fact. Mot. at 8:22–11:21. The Court must address this argument before reaching Defendants' other arguments on the merits of Blue Bay's claims. *See, e.g., NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("Standing is the threshold issue in any suit.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up); *accord Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Here, as discussed below, the Court concludes that the undisputed evidence demonstrates that for its federal claims, Blue Bay cannot establish that it suffered concrete harm or that it will suffer imminent harm in the future. Thus, Blue Bay fails to establish an injury-in-fact, as required for Article III standing.

Accordingly, the Court concludes that Blue Bay lacks Article III standing to pursue damages-based or injunctive relief for its federal claims. Given its conclusion, the Court need not reach Defendants' arguments regarding the merits of Blue Bay's federal claims.

    **1.     Damages-Based Relief**

Defendants argue that Blue Bay has not substantiated a concrete injury sufficient to establish an injury-in-fact for its federal claims. Mot. at 9:23–28; Reply at 2:16–25.

7

1  "Article III of the U.S. Constitution authorizes the judiciary to adjudicate only 'cases' and 'controversies.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "The doctrine of standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *NEI*, 926 F.3d at 532 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)) (internal quotations omitted).

The familiar injury-in-fact requirement mandates that a plaintiff show they "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (citing *Lujan*, 504 U.S. at 560) (cleaned up). Thus, to satisfy Article III, a plaintiff's injury must be "concrete—that is, real, and not abstract." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (cleaned up). Simply put, "[n]o concrete harm, no standing." *Id.* at 417.

The party asserting federal subject matter jurisdiction must establish standing by a preponderance of the evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, "[u]pon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as the party invoking federal jurisdiction." *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (cleaned up). At the summary judgment stage, the party asserting federal jurisdiction "must offer evidence and specific facts demonstrating each element of Article III standing." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023) (cleaned up).

Here, the Court concludes that Blue Bay lacks Article III standing to pursue damages-based relief for its federal trademark claims. Whether a Lanham Act violation is called "infringement, unfair competition or false designation of origin, the test is identical—is there a 'likelihood of confusion?'" *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249 (9th Cir. 2017) (cleaned up). In a trademark infringement suit, a plaintiff must prove "that the defendant's use of the mark is likely to cause consumer confusion." *Lerner & Rowe PC v. Brown Engstrand & Shely LLC*, 119 F.4th 711, 718 (9th Cir. 2024). "In a false

8

1  advertising suit, a plaintiff establishes Article III injury if some consumers who bought the
2  defendant's product under a mistaken belief fostered by the defendant would have otherwise
3  bought the plaintiff's product." *7EDU Impact Acad. Inc. v. You*, 760 F. Supp. 3d 981, 1005 (N.D.
4  Cal. 2024) (citing *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011))
5  (cleaned up).

6        Defendants argue that Blue Bay "offers no admissible evidence demonstrating any lost
7  sales, diverted customers, reputational injury, or any other concrete business harm traceable to
8  Defendants." Mot. at 9:23–25. Defendants marshal evidence showing that they have never held
9  themselves out as being affiliated with Blue Bay; that during 2024, they received three leads from
10 online keyword searches but that those leads did not come from Defendants' ads containing Blue
11 Bay's name; that they took corrective measures to ensure that their ads would not appear in
12 sponsored ad results in conjunction with an online search that included Blue Bay's trademark; that
13 they did not impersonate Blue Bay during their call with Franz; that they did not identify
14 themselves as Blue Bay during their call with Briener; that they did not receive any benefit from
15 Google Ads containing Blue Bay's name; and that Blue Bay cannot quantify any economic harm
16 caused by Defendants, nor can Blue Bay identify any records or data to quantify damages. Mot. at
17 1:24–4:6; Reply at 1:17–2:28, 9:6–23; *see* Kirshenboim Decl. ¶¶ 2, 5–9, Exs. A, B; Briener Dep.
18 Tr. at 13:22–14:8, 56:20–57:10, 58:4–15, 59:8–24, 78:6–20; Funcke Dep. Tr. at 30:4–31:14;
19 Quashnock Decl. ¶ 3, Exs. C, D. In short, Defendants' evidence shows that Defendants have not
20 misrepresented themselves as Blue Bay, Defendants did not use Blue Bay's trademark to generate
21 leads by confusing consumers, Defendants did not do business with consumers who mistook
22 Defendants as Blue Bay, and Blue Bay has not lost money from Defendants' actions. As such,
23 Defendants meet their initial burden on summary judgment in demonstrating that Blue Bay has not
24 suffered concrete harm and thus lacks Article III standing. *See Celotex*, 477 U.S. at 323
25 (explaining party moving for summary judgment bears the initial burden of identifying those
26 portions of the evidence that demonstrate the absence of a genuine issue of material fact).

27       Blue Bay contends that it "suffered real injury as a direct result of" Defendants' actions
28 and that Defendants' "misrepresentation of their affiliation with [Blue Bay] caused public

confusion and resulted in lost opportunities for future clients and future earnings." Opp. at 6:1–3. But Blue Bay does not cite to any evidence in its Opposition that supports this contention or that contradicts Defendants' evidence. Indeed, Blue Bay does not include a single citation to factual evidence in its Opposition. This is problematic—the Federal Rules of Civil Procedure require "that the adverse party's 'response,' not just the adverse party's various other papers, 'set forth specific facts' establishing a genuine issue." *Carmen*, 237 F.3d at 1031 (quoting Fed. R. Civ. P. 56(e)).

To be clear, the Court's case management order (ECF No. 19) provides:

> (2) <u>Controverting Statement of Facts</u>: Any party opposing a motion for summary judgment must file a separate statement setting forth: (a) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and, if disputed, a reference to the specific admissible portion of the record supporting the party's position; and (b) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and refer to a specific admissible portion of the record where the fact finds support.

In light of this order, it would have been fine for Blue Bay to have cited its Separate Statement of Facts in its Opposition instead of directly citing the evidence that supported each statement of fact. Indeed, that is what Defendants did in their motion, citing their separate statement, not each piece of evidence supporting their separate statement. The problem with Blue Bay's Opposition is that it has no factual citations to anything at all—not to evidence, not to the separate statement, not to anything. This is not an acceptable Opposition. As noted, the rules require "that the adverse party's 'response,' not just the adverse party's various other papers, 'set forth specific facts' establishing a genuine issue." *Carmen*, 237 F.3d at 1031 (quoting Fed. R. Civ. P. 56(e)).

To be sure, Blue Bay filed a Separate Statement of Facts with its Opposition. *See* ECF No. 38 ("Pl.'s SSF"). The Court does not think this filing cures the problem that the Opposition had no factual citations to anything. In addition, Blue Bay does not sufficiently cite to evidence within the SSF. First, Blue Bay does not mention the Declaration of Craig Funcke (ECF No. 36) in its SSF. *See* Reply at 6:22–7:5; *see generally* Pl.'s SSF. The Court therefore does not consider this declaration. *See Carmen*, 237 F.3d at 1029 ("[E]ven if an affidavit is on file, a district court need

10

not consider it in opposition to summary judgment unless it is brought to the district court's attention in the opposition to summary judgment."). Second, none of Blue Bay's contentions in its SSF reference specific evidence; instead, Blue Bay cites to entire exhibits without identifying specific facts or quotes, and without identifying any specific lines or paragraphs or pages from those exhibits. *See, e.g.,* Pl.'s SSF ¶ 15 (citing Declaration of Michael Briener, Exs. 1, 2, 3 (which constitute eleven pages) and not explaining how evidence supports proposition that, "Robert Franz contacted Defendant believing them to be Plaintiff, therefore creating business opportunity for Defendant"). The Court will not scour the record in search of support for Blue Bay's broad assertions. *See Carmen*, 237 F.3d at 1031 (holding nonmovant must set forth evidence "in the opposing papers with adequate references so that it could conveniently be found"). Finally, Blue Bay attaches the Declaration of Steffanie Stelnick, Blue Bay's counsel, to its Opposition. *See* ECF No. 37 at 9. This declaration is also not cited in Blue Bay's SSF, and the Court therefore disregards it. This declaration is also substantively insufficient because it refers to "attached" exhibits that are not attached to the declaration and are therefore not part of the record. *See Carmen*, 237 F.3d at 1029 ("[W]hatever establishes a genuine issue of fact must *both* be in the district court file *and* set forth in the response.") (emphasis in original).

Because Blue Bay fails to point to specific evidence that contradicts Defendants' proffered evidence, there are no triable issues of material fact with respect to the issue of Blue Bay's injury-in-fact. *See* Reply at 1:2–8, 9:6–22 ("[Blue Bay] has failed to create a genuine issue of material fact that it has suffered actual damages or real injury."); *Anderson*, 477 U.S. at 250 (explaining if the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue for trial). Therefore, the Court must find that Blue Bay lacks Article III standing to pursue damages-based relief for its federal claims. *See United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1192–93 (9th Cir. 2004) (explaining district court had no other alternative but to find that nonmoving party lacked Article III standing where moving party presented evidence demonstrating lack of standing and nonmoving party "failed to present any evidence whatsoever to the contrary").

11

### 2. Injunctive Relief

Defendants argue that summary judgment on all claims is appropriate because Blue Bay lacks Article III standing. Mot. at 1:18–19. While Defendants do not expressly address injunctive relief, Blue Bay seeks such redress in its Complaint. *See* Compl. at 12–13; *see also* Reply at 2:27–28 ("[S]ummary judgment on all the claims in the complaint is warranted."). And while the Complaint does not request claim-specific relief, Blue Bay's Lanham Act claims permit injunctive relief. *E.g., TrafficSchool.com, Inc.*, 653 F.3d at 829; *see also* Mot. at 12:7–8 ("Notably, there is a singular Prayer For Relief that is not broken down by claim."). Having found that Blue Bay lacks Article III standing for damages-based relief, the Court must also determine whether Blue Bay possesses standing to seek injunctive relief. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *Jones*, 74 F.4th at 1058 ("[A] jurisdictional issue such as Article III standing may be raised *sua sponte* by the court at any time.").

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). "For injunctive relief, which is a prospective remedy, the threat of injury must be actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (cleaned up). In other words, to obtain injunctive relief, a plaintiff's "threatened injury must be *certainly impending* to constitute injury in fact"—allegations "of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (cleaned up).

Here, the Court concludes that the undisputed evidence demonstrates that Blue Bay lacks Article III standing to pursue injunctive relief. Blue Bay contends that "Defendants' activities are irreparably harming and continue to harm [Blue Bay]." Opp. at 6:7–8. Yet as discussed, the undisputed evidence demonstrates that Defendants did not use Blue Bay's trademark to confuse consumers or to divert business away from Blue Bay, and that Defendants have taken actions to ensure that Defendants' ads do not appear in online search results that involve consumers

1   inputting Blue Bay's trademark in the search box.  *See supra*, Part IV.A.1.  Accordingly, Blue Bay

2   cannot demonstrate a threat of impending harm as required for standing to pursue injunctive relief.

3   **B.      Supplemental Jurisdiction Over State Law Claims**

4   Blue Bay brings four claims under California state law.  Compl. ¶¶ 48–86.  Defendants

5   request the Court exercise supplemental jurisdiction over these claims in the event the Court

6   grants summary judgment in Defendants' favor on the federal claims.  Mot. at 11:23–12:10.

7   Defendants argue that summary judgment is appropriate on the state law claims because (1) Blue

8   Bay is unable to prove a likelihood of confusion; (2) Blue Bay cannot prove an existing economic

9   relationship between itself and a third party; and (3) there is no evidence of monetary damages.

10  *Id.* at 12:11–13:28.  Blue Bay does not address supplemental jurisdiction in its Opposition.  *See*

11  *generally* Opp.

12  "[S]upplemental jurisdiction may only be invoked when the district court has a hook of

13  original jurisdiction on which to hang it."  *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d

14  802, 805 (9th Cir. 2001) (citing 28 U.S.C. § 1367(a)).  When federal claims provide the

15  jurisdictional hook for state law claims, and the court dismisses the federal claims for lack of

16  subject matter jurisdiction, the court has no discretion to adjudicate the remaining state claims.  *Id.*

17  at 806; *see also Desert Land, LLC v. Owens Fin. Grp., Inc.*, 154 F. App'x 586, 588 (9th Cir. 2005)

18  ("A federal court cannot exercise supplemental jurisdiction over state-law claims if the federal

19  court lacks original jurisdiction in the case.").

20  Here, this action was removed on federal question grounds.  ECF No. 1.  Thus, because the

21  Court concludes that Blue Bay lacks Article III standing for its federal claims, the Court is

22  precluded from exercising supplemental jurisdiction over Blue Bay's state claims.  *See Rotor v.*

23  *Signature Consultants, LLC*, No. 18-cv-07526-JST, 2019 WL 3246535, at *5 (N.D. Cal. July 19,

24  2019) (rejecting defendant's argument that court retained supplemental jurisdiction over state law

25  claims "because without subject matter jurisdiction over any federal claim, the Court has no

26  discretion to exercise supplemental jurisdiction over the state law claims") (cleaned up); *Desert*

27  *Land*, 154 F. App'x at 587–88 (holding "district court erred in exercising supplemental

28  jurisdiction over the state-law claims when it lacked subject matter jurisdiction in the case"

because plaintiff lacked standing to bring the federal claim). Accordingly, the Court declines Defendants' request to exercise supplemental jurisdiction over Blue Bay's state law claims.

### C. Remand

"In an ordinary removal case, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1447(c)) (emphasis in original) (cleaned up). "No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Id.* "Moreover, the district court generally *must* remand the case to state court, rather than dismiss it." *Id.* (emphasis in original).

Here, Defendants request the Court enter summary judgment in their favor on all Blue Bay's claims. Mot. at 1. However, this is not the proper course of action. Because the Court concludes that it lacks subject matter jurisdiction over Blue Bay's federal claims and that supplemental jurisdiction over the state law claims is foreclosed, the Court must remand the case back to state court. *See Polo*, 833 F.3d at 1196 ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.") (emphasis in original); *Kaufman v. Marsh & McLennan Companies, Inc.*, No. 5:20-cv-01213-EJD, 2020 WL 7138632, at *2 (N.D. Cal. Dec. 7, 2020) ("In cases where the plaintiff lacks Article III standing, the default is to remand rather than dismiss."); *Weiler v. Delta Dental of California*, No. 25-cv-02846-HSG, 2026 WL 84319, at *2 (N.D. Cal. Jan. 12, 2026) ("Where, as here, the removing party fails or declines to satisfy its burden to establish Article III standing, subject matter jurisdiction is in doubt and remand is appropriate, whether or not the plaintiff filed a motion for remand.").

Accordingly, the Court will remand the case rather than dismiss it on summary judgment. *Cf. Weiler*, 2026 WL 84319, at *3–4 (remanding case removed from state court over defendant's request to dismiss case for lack of Article III standing).

### V. CONCLUSION

For the reasons stated above, the Court **REMANDS** the case to the Superior Court of

California for the City and County of San Francisco and **DENIES AS MOOT** Defendants' Motion for Summary Judgment.

   **IT IS SO ORDERED.**

Dated: March 13, 2026

                            _____
                            THOMAS S. HIXSON
                            United States Magistrate Judge